# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JIM & PAULA SURLES, parents and
next friends of K                                                    PLAINTIFFS

v.                          No. 3:16-cv-183-DPM

POCAHONTAS SCHOOL DISTRICT                                DEFENDANT

## ORDER

Under the Individuals with Disabilities Education Act, parents who prevail after a due process proceeding may be entitled to recover a reasonable attorney's fee from their child's school district. 20 U.S.C. § 1415(i)(3)(B)(i). The statute commits the issue to the Court's discretion, with some specific limitations. One of those involves settlement offers: parents who reject a timely settlement offer can't recover post-offer fees unless they achieved more favorable results by continuing the dispute. The Surleses' child has disabilities. An Arkansas Department of Education hearing officer ruled for them and against the Pocahontas School District. The parents filed this case, invoking this Court's jurisdiction to resolve the fee dispute. 20 U.S.C. § 1415(i)(3)(A). The District responds that the Surleses didn't really prevail—because it has been trying to address the family's concerns and to provide all needed services. The family, the District continues, rejected a settlement offer that covered the core relief awarded. Last,

the District argues hard that the requested fees are just too high. No material facts are disputed, and the Court can resolve the case on the parties' cross motions for judgment.

The Surleses prevailed. The hearing officer ruled for them and awarded relief. Administrative Record 180-81. The issues were close, mainly because the District had collaborated with the parents and worked to meet the child's needs. The District did not appeal. All this is sufficient to satisfy the statute. *Birmingham v. Omaha School District*, 298 F.3d 731, 734 (8th Cir. 2002).

The District's pre-hearing settlement offer doesn't bar a fee award. First, the bar would apply only against post-offer fees, not all fees. 20 U.S.C. § 1415(i)(3)(D)(i). Second, though there was lots of back and forth right before the due process hearing, the statute requires the Court to freeze the frame ten days out from the hearing. The District's 6 November 2015 settlement offer is the one that counts. Administrative Record 73-96. As the District urges, this was a comprehensive proposal, one that included everything discussed between the parents and the school even after the due process complaint was filed. But, as the Surleses point out, the offer didn't include two things ordered by the hearing officer: compensatory speech and occupational therapy and a parents' veto on evaluators. Administrative Record 180-81. The Surleses were awarded at least eight hours a week of each kind of therapy until a new Individualized Education Program could be

prepared; and they got to decide whether more time than that was needed. Administrative Record 181. This therapy alone is significant relief beyond the offer. The parents had alluded to the right to choose evaluators and had, at one point, suggested a particular person; but the who question wasn't really a fighting issue. The hearing officer awarded relief nonetheless. Here again, the Surleses got something more than the District offered before the hearing.

Last, the fee itself. It's not automatic, but, as the parents emphasize, the possibility of attorney's fees is one important part of making this statutory scheme work. All material things considered, a fee is appropriate here, the real question is how much.

The District doesn't really contest the out-of-pocket expenses— mostly for travel to the due process hearing, postage, copies, and the fee for filing this case. The Court awards $1,082.83. That's everything requested, except the $65 private process server's fee. The Court can't tax that as a cost. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985).

The path-marking precedent is *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The approximately ten hours at $180/hour requested for fee petition work by a contract lawyer is reasonable from every perspective. It will be awarded. Approximately eighty-four hours at $350/hour is requested for lead counsel's work on the case as a whole. She is able and experienced in this specialized area. The hourly rate, however, is too high for this work in Northeast Arkansas. Because

recovery is uncertain, the rate should be higher than what the District's likewise able and experienced lawyer is charging, which is $175/hour. But an hourly rate of $250 best captures the circumstances here — expertise, uncertainty, complexity.

The amount of time compensated must also be trimmed. The Court commends the Surleses for not seeking payment for time spent by lead counsel's associate. The eighty-four hours requested is still too much, though. The crucial thing is that the Surleses achieved only modest success. *Hensley*, 461 U.S. at 440. The District had been willing to provide, and was providing, almost all the services sought or needed after the parents raised their concerns by filing the due process complaint. Plus, given the amount of common ground, the hearing was unnecessarily prolonged. In general — and with the admitted benefit of hindsight — the whole matter could have been handled more efficiently. For all these reasons, and based on the Court's consideration of everything in the Administrative Record and in the proceedings here, the Court approves sixty hours of work by lead counsel.

Here's the summary:

| | |
|---|---|
| Expenses | $1,082.83 |
| Contract Counsel (10.3 x $180) | +$1,854.00 |
| Lead Counsel (60 x $250) | +$15,000.00 |
| Total | $17,936.83 |

The $17,936.83 total will be taxed as costs in the Judgment, as the statute directs. 20 U.S.C. § 1415(i)(3)(B)(i).

* * *

The Surleses' motion for summary judgment, № 15, is granted as modified. The District's motion for summary judgment, № 28, is denied.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

22 September 2017